# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **CARLOS N. WHITEHEAD,** )  | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 06-0544-KD-B |
| ) | |
| **MICHAEL J. ASTRUE,**[1] ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| Defendant. ) | |

## JUDGMENT

In accordance with the Order entered on this date, it is hereby **ORDERED, ADJUDGED,** and **DECREED** that the decision of the Commissioner of Social Security denying plaintiff benefits be **REVERSED** and **REMANDED** to the Social Security Administration, see Melkonyan v. Sullivan, 501 U.S. 89, 111 S.Ct. 2157 (1991), for further proceedings consistent with the Order.

This remand pursuant to sentence four of § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), makes the plaintiff a prevailing party under the Equal Access to Justice Act, 28 U.S.C. §2412, see Shalala v. Schaefer, 509 U.S. 292, 113 S. Ct. 2625 (1993), and terminates this court's jurisdiction over this matter except the court may consider issues related to fees and costs due and owing to the plaintiff because plaintiff is a prevailing party under the EAJA, and in the

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, he has been substituted as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

future such fees and costs which plaintiff's counsel may be entitled to recover pursuant to the

Social Security Act if plaintiff is awarded benefits.

**DONE** this the 27th day of March, 2007.

                                            **s / Kristi K. DuBose**
                                            **KRISTI K. DuBOSE**
                                            **UNITED STATES DISTRICT JUDGE**